```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT


PAWTUCKET MUTUAL INSURANCE          :
COMPANY, a/s/o CHUENG KEUNG MA,     :
          Plaintiff,                :
                                    :
          v.                        :    File No. 1:06-CV-156
                                    :
ORIENTAL STATION RESTAURANT, INC.,  :
          Defendant.                :
_____:
```

### RULING ON DEFENDANT'S MOTION TO DISMISS
### (Paper 7)

For the reasons that follow, Defendant Oriental Station Restaurant, Inc.'s ("Defendant") motion to dismiss is denied.

In analyzing Defendant's motion, the factual allegations of the complaint will be accepted as true.  This subrogation action sparks from a January 1, 2003 fire at a building owned by Mr. Chueng Keung Ma ("Mr. Ma") and rented to Defendant pursuant to a written lease.  Defendant used the building to operate a Mandarin restaurant and the blaze allegedly resulted from a cooking mishap in the restaurant's kitchen.  Fortunately for Mr. Ma, he had taken out a commercial property insurance policy, Policy No. CPP 000206922 (the "Policy"), with Plaintiff Pawtucket Mutual Insurance Company ("Plaintiff") and after the fire, was able to collect $174,222.58 under the Policy for repairs to his damaged building.  Plaintiff then instituted this subrogation action against Defendant asserting claims of negligence and breach of

contract.  Defendant responded with the pending motion to dismiss.

"In the insurance context, subrogation allows an insurer in some situations to recover what it pays to an insured under a policy by 'standing in the shoes' of the insured and suing the wrongdoer."  Union Mut. Fire Ins. Co. v. Joerg, 175 Vt. 196, 198 (2003).  There is, of course, an important caveat - an insurer cannot recover by means of subrogation against its own insureds as well as express or implied coinsureds.  Id. at 198-99.  It is this caveat upon which Defendant hangs its hat in arguing that this case should not proceed because Defendant is an implied coinsured under the Policy.

At this stage, it is not possible to determine whether Defendant truly is an implied coinsured.  In Joerg, the Vermont Supreme Court explicitly declined to adopt the rule by which a tenant is, per se, a coinsured under a landlord's fire insurance policy unless the parties expressly agree otherwise.  Id. at 199-201.  Instead, it adopted a flexible case-by-case approach whereby "a tenant's liability to the landlord's insurer for negligently causing a fire depends on the intent and reasonable expectations of the parties to the lease as ascertained from the lease as a whole."  Id. at 199.

To show Defendant is an implied coinsured, Defendant has attached one page of "the lease which Plaintiff has represented was

in effect when this fire occurred."[1]  (Paper 7-1 at 2).  But relying on only one page of a lease, which the Court notes is between Mr. Ma and one "Kiem Meng Lam" for "five years commencing on May 1, 1994, and ending on April 30, 1999"[2] (Paper 7-2), hardly enables this Court to determine the parties' intent and expectations "as ascertained from <u>the lease as a whole</u>." <u>Joerg</u>, 175 Vt. at 199 (emphasis added).

Accordingly, Defendant's motion to dismiss is DENIED.  Should Defendant wish to pursue this defense, the Court will consider it upon completion of discovery, at the summary judgment stage or trial.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of March, 2007.

/s/ J. Garvan Murtha  
J. Garvan Murtha  
United States District Judge

---

[1] It is undisputed that the Court may consider this page of the lease without converting Defendant's motion to dismiss into a motion for summary judgment because the lease is integral to the complaint.  <u>See</u> <u>Holowecki v. Fed. Express Corp.</u>, 440 F.3d 558, 565-66 (2d Cir. 2006).

[2] Despite the parties seeming to agree this is the first page of the operative lease, the Court is left to speculate why this lease is for 1994-1999 (in light of the fire having occurred in 2003) and why Defendant's name is nowhere to be found on this page of the lease.